**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DIANE DILLASHAW,

    Plaintiff,

v.                                            Case No: 8:21-cv-2333-CEH-JSS

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court upon Plaintiff Diane Dillashaw's Motion to Remand (Doc. 11), which Defendant GEICO General Insurance Company opposes (Doc. 14).

Diane Dillashaw sues GEICO General Insurance Company for bad faith under Florida law. Seeking to invoke the Court's subject-matter jurisdiction on the basis of diversity jurisdiction, GEICO removed the action. Dillashaw now moves for remand, arguing that the Court must return this bad-faith action to state court because GEICO has failed to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court agrees. Therefore, as explained in more detail below, the Court will grant the Motion to Remand.

### I.    BACKGROUND

On or about February 5, 2018, Diane Dillashaw allegedly drove north on North Falkenburg Road in Tampa, Florida. Doc. 1-1 at 2. Kenneth Allan Jones also drove

north on that road, two vehicles behind Dillashaw's vehicle. *Id.* Kenneth Len Jones owned the vehicle that Kenneth Allan Jones operated. *Id.* According to Dillashaw, GEICO General Insurance Company insured both Kenneth Allan Jones and Kenneth Len Jones under an automobile insurance policy. *Id.* Dillashaw alleges that, when she slowed down, and stopped, her vehicle to yield to traffic, Kenneth Allan Jones's vehicle struck the vehicle ahead of his vehicle, causing that vehicle to strike her vehicle. *Id.* Dillashaw allegedly sustained injuries. *Id.*

Dillashaw sued Kenneth Allan Jones and Kenneth Len Jones in state court. *See id.* at 3; Doc. 1-6 at 1–2; Doc. 10-1 at 68. On March 19, 2021, based upon the consent of the parties in that action, the state court entered a $110,000 judgment in favor of Dillashaw and against Kenneth Allan Jones and Kenneth Len Jones, jointly and severally. Doc. 1-6 at 1–2; Doc. 10-1 at 68–69.

On or about May 19, 2021, Dillashaw filed a civil remedy notice of insurer violations, commonly known as a "CRN," against GEICO. Doc. 1-1 at 65. In the CRN, Dillashaw asserted that GEICO violated Florida Statutes §§ 624.155(1)(b)(1), 626.9541(1)(i)(3)(e). *Id.*[1]

---

[1] "Any person may bring a civil action against an insurer when such person is damaged . . . by the commission of any of the following acts by the insurer . . . [n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests . . . . Fla. Stat. § 624.155(1)(b)(1). A person may also bring a civil action against an insurer when that person is damaged by the insurer's failure "to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or fail[ure] to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed." Fla Stat. §§ 624.155(1)(a)(1), 626.9541(1)(i)(3)(e)

2

Dillashaw then initiated this action against GEICO in state court (Doc. 1-1). She brings one bad-faith claim against GEICO. Doc. 1-1 at 2. She alleges that GEICO breached its continuing duties under Florida Statutes § 624.155 by not attempting to settle her claims when, under the circumstances, it could and should have done so, if it had acted fairly and honestly towards its insured and with due regard for her interests. *Id.* at 3. Dillashaw alleges that GEICO breached its duty of good faith through other acts or omissions, including improperly handling the claim and refusing to settle the claim in a timely manner. *Id.*

According to Dillashaw, as a direct and proximate cause of GEICO's bad faith, she obtained the $110,000 judgment against Kenneth Allan Jones and Kenneth Len Jones, "which has not been satisfied to date," even after Dillashaw's "subsequent demand." *Id.* at 4. She also alleges that GEICO's bad faith caused her damages, such as "mental pain and suffering, emotional distress, humiliation, anguish, loss of enjoyment of life, economic losses, [and] costs and attorney's fees." *Id.* She asserts that she now "seeks to recover her judgement [sic] award and her attorney's fees" against GEICO. *Id.*

GEICO removed the action on the basis of diversity jurisdiction. Doc. 1 at 7–9. Relevant here, GEICO asserted that the amount in controversy exceeded $75,000, exclusive of interest and costs, because Dillashaw alleges that she seeks to recover payment of the $110,000 consent judgment. *Id.* at 9. Dillashaw now seeks remand (Doc. 11), which GEICO opposes (Doc. 14).

## II. LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which the action pends, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999).

Courts measure the amount in controversy at the time of removal. *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751 (11th Cir. 2010). When a plaintiff's state-court complaint offers an unspecified demand for damages, a removing defendant must prove, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.* 613 F.3d 1058, 1061 (11th Cir. 2010). But, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," even when the state-court complaint does not claim a specific amount of damages. *Id.* (internal quotation marks omitted). If a defendant contends that removability is apparent from the face of the complaint, the district court must analyze whether the complaint itself satisfies the defendant's jurisdictional burden. *Id.*

"[W]ithout facts or specific allegations," divining the amount in controversy only through speculation is "impermissible." *Pretka*, 608 F.3d at 763–54 (internal quotation marks omitted). But district courts may "make reasonable deductions,

4

reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061–62 (internal quotation marks omitted); *see Pretka*, 608 F.3d at 754 (stating that a removing defendant who offers "specific factual allegations establishing jurisdiction (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" does not engage in "conjecture, speculation, or star gazing"). Thus, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

### III. DISCUSSION

Dillashaw argues that GEICO's removal failed to discuss: (1) its issuance of a $50,000 payment to Dillashaw as a result of the consent judgment, thereby reducing the amount that she seeks to recover on the judgment to $60,000; and (2) that, before filing this action, Dillashaw sent a $74,000 settlement demand to GEICO to resolve GEICO's purported breach. Doc. 11 at 3–4; Doc. 11-1 at 1; Doc. 11-2 at 1–2. GEICO responds that it is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Doc. 14 at 7. GEICO also argues that "a fair reading of the four corners of [Dillashaw's] Complaint, and [her] Motion to Remand," shows that she seeks "damages more than the $75,000 jurisdictional threshold," as demonstrated by "the $60,000 sought from the Consent Judgment, damages for mental pain and suffering, and damages for economic losses." *Id.* at 10. Further, if the Court grants the Motion to Remand, GEICO asks the Court to "find that [Dillashaw] is bound by her

5

decision to cap her damages in this action." *Id.* For the reasons set forth below, the Court will remand this action.

In removing, GEICO asserted that the amount in controversy exceeds $75,000, exclusive of interest and costs, because Dillashaw's Complaint "explicitly plead[s]" that she seeks "damages in excess of the $75,000 threshold." Doc. 1 at 9. In other words, GEICO asserted that the removability was apparent from the face of the Complaint. As such, the Court must determine whether the Complaint satisfies GEICO's jurisdictional burden. *Roe*, 613 F.3d at 1061. The Complaint alleges that her damages "exceed[] Fifteen Thousand ($30,000) Dollars [sic]." Doc. 1-1 at 1. This amount of damages is not sufficiently specific for purposes of ascertaining the amount in controversy; Dillashaw could seek exactly $75,000 or less, which would still be more than $15,000 (or $30,000). However, to support removal, GEICO pointed to two paragraphs in the Complaint to argue that Dillashaw "seeks to recover in this action, among other things, payment of the Consent Judgment entered in the underlying tort action in the amount of $110,000." Doc. 1 at 9.

In the first of these paragraphs, Dillashaw alleges that, as a direct and proximate cause of GEICO's acts of bad faith, she obtained a judgment against Kenneth Allan Jones and Kenneth Len Jones "in the amount of $110,000 in excess of the insurance policy limits, which has not been satisfied to date, even after subsequent demand" by Dillashaw. *Id.* at 4. She cites to the order entering the $110,000 consent judgment in her favor and against Kenneth Allan Jones and Kenneth Len Jones, which she attaches as an exhibit to the Complaint. *Id.* In the second paragraph of the two paragraphs,

6

Dillashaw alleges that she seeks to recover her "judgement [sic] award" and attorney's fees against GEICO. *Id.* at ¶18. As such, Dillashaw seeks to recover the value of her unsatisfied $110,000 judgment and her attorney's fees.

But Dillashaw points out that the CRN indicates that an earlier $50,000 payment by GEICO reduces the amount that she seeks to recover on the judgment to $60,000. Doc. 11 at 3. The Complaint alleges that Dillashaw performed all conditions precedent and provided written notice to GEICO of the alleged violations by filing the CRN before filing this action. Doc. 1-1 at 3. Dillashaw attaches the CRN to the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

The CRN's claim narrative states that GEICO refused to fulfill its third-party obligation to Dillashaw to indemnify her for her damages, which exceed $100,000, after paying $250,000 of the $300,000 policy limits to other claimants. Doc. 1-1 at 67. The CRN states that Dillashaw subsequently, and ultimately, obtained a $110,000 judgment against the insureds. *Id.* According to the CRN, GEICO attempted to pay $50,000 to Dillashaw, supposedly in violation of its policy obligations and the law. *Id.* Then, "[b]ased on the judgement [sic]," Dillashaw sent another demand to GEICO, to which GEICO did not respond. *Id.* As such, the CRN's narrative concludes that, because of GEICO's violations, GEICO "has left [Dillashaw] uncompensated as a

7

third party beneficiary with its Insured and a judgement [sic] against its Insured with an unpaid balance of $60,000." *Id.*[2]

In sum: the CRN, which Dillashaw filed to place GEICO on notice of its alleged bad-faith before filing this action, indicates that a $50,000 payment from GEICO reduced the amount that Dillashaw seeks to recover from the $110,000 judgment to $60,000; Dillashaw attaches the CRN to the Complaint; and Dillashaw alleges in the Complaint that her damages exceed "Fifteen Thousand ($30,000) Dollars" and she seeks to recover her unsatisfied $110,000 judgment award.

In response to Dillashaw's challenge, GEICO contends that it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, as shown by the two paragraphs discussed above, along with Dillashaw's allegation that she has suffered mental pain and suffering, emotional distress, economic loss, and similar damages as a result of GEICO's bad faith. Doc. 14 at 2, 7–8. GEICO also contends that Dillashaw's representation is "completely absent from her Complaint" and that she asserted for the first time in the Motion to Remand that she seeks to recover only $60,000 on the consent judgment. *Id.* at 8. But these arguments ignore the CRN, which Dillashaw attached to the Complaint (and GEICO included in the Notice of Removal). *See, e.g.*, *27th Ave. Invs., Inc. v. Aspen Specialty Ins. Co.*, No. 08-20080-CIV, 2008 WL 11333590, at *2 (S.D. Fla. Mar. 26, 2008) (stating that it was facially apparent that the amount in controversy exceeded $75,000 where the plaintiff attached

---

[2] Dillashaw provides the $50,000 check from GEICO with the Motion to Remand. Doc. 11-1 at 1.

8

a sworn statement of loss for $638,989.49 to the state-court complaint); *Cuevas v. SunTrust Mortg., Inc.*, No. 6:13-cv-147-CEH-DAB, 2013 WL 1450998, at *2 (M.D. Fla. Mar. 20, 2013) (citing Rule 10(c), Fed. R. Civ. P., and considering a mortgage attached to the state-court complaint in determining whether the amount in controversy exceeded $75,000), *report and recommendation adopted*, No. 6:13-cv-147-CEH-DAB, 2013 WL 1452031, at *1 (M.D. Fla. Apr. 9, 2013); *Ra'oof v. U.S. Bank*, No. 1:10-cv-3347-RWS, 2010 WL 4975496, at *1 (N.D. Ga. Dec. 1, 2010) (considering documents attached to the state-court complaint to determine whether the defendant satisfied the amount-in-controversy requirement of diversity jurisdiction). Because the CRN mentions that GEICO's $50,000 payment reduced the amount sought on the judgment to $60,000 and Dillashaw seeks to recover that judgment, the Court cannot conclude that the Complaint and the Notice of Removal "unambiguously" establish federal jurisdiction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction.").

Further, GEICO argues that Dillashaw's representation "directly contradict[s]" her allegations.[3] *Id.* GEICO fails to explain why Dillashaw's assertion that she seeks

---

[3] In seeking remand, Dillashaw also argues that the amount in controversy falls short of the jurisdictional requirement because she demanded $74,000 to settle this claim on April 12, 2021. Doc. 11 at 3–5. She attaches the demand letter to the Motion to Remand, in which she demanded GEICO to issue a check for $74,000 to "resolve GEICO's breach." Doc. 11-2 at 1.

only $60,000 on the consent judgment contradicts her allegations. As discussed above, she alleges that she seeks to recover the value of her unsatisfied $110,000 judgment and her attorney's fees, and, according to the CRN, GEICO has not satisfied the $110,000 judgment because $60,000 remains outstanding. While the amount in controversy may not be clear from the Complaint, the CRN's narrative and the Complaint's allegations do not contradict one another.

Next, GEICO argues that "a full and fair reading" of the Complaint and the Motion to Remand shows that Dillashaw seeks more than $75,000 based upon the $60,000 that she seeks from the consent judgment and her claimed damages for mental pain and suffering, emotional distress, humiliation, anguish, loss of enjoyment of life, and economic losses. *Id.* at 10. Thus, GEICO contends that Dillashaw seeks only $60,000 on the consent judgment, but that her other alleged damages, such as mental pain and suffering, emotional distress, and economic losses, exceed $15,000, thereby bringing the amount in controversy above $75,000.

---

Dillashaw overemphasizes the significance of her settlement offer. "Settlement offers commonly reflect puffing and posturing, especially where they lack specific information to support the plaintiff's claim for damages." *Seoanes v. Capital One Bank (USA) N.A.*, No. 6:13-cv-1568-RBD-GJK, 2013 WL 6283651, at *2 (M.D. Fla. Dec. 4, 2013) (internal quotation marks omitted). "Such threadbare offers are entitled to little weight when determining the amount in controversy because the Court cannot determine whether they represent 'reasonable assessment[s] of the value of [a plaintiff's] claim." *Id.* (alterations in original) (quoting *Diaz v. Big Lot Stores, Inc.*, No. 5:10-cv-319-TJC-HBT, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010)). Here, the demand letter lacks specific information supporting the $74,000 demand. As such, the Court cannot determine that this demand letter provides an accurate representation of the amount in controversy. *See id.* (explaining that the plaintiff's "bare-boned, unspecific settlement offer" was entitled to little weight in the amount-in-controversy calculation where the plaintiff demanded $70,000 based on counsel's "firm belief" that $70,000 was a reasonable demand).

But GEICO, who carries the burden of establishing the Court's subject-matter jurisdiction, fails to explain why Dillashaw's other alleged damages exceed $15,000. Instead, GEICO tersely states that "[i]t is GEICO's position that the damages [Dillashaw] seeks, and plead[s] in her Complaint, for mental pain and suffering, and economic losses is an amount in controversy that exceeds $15,000." Doc. 14 at 10. GEICO fails to highlight any support in the Complaint, and a review of the Complaint reveals none. And GEICO has not provided any supporting evidence as to these damages. As such, GEICO asks the Court to rely upon its position that these other alleged damages exceed $15,000. Although the Court may use its "judicial experience and common sense" in determining whether the amount in controversy exceeds $75,000, *Roe*, 613 F.3d at 1062, divining the amount in controversy through speculation is impermissible, *Pretka*, 608 F.3d at 763–54. GEICO's argument invites the Court to engage in speculation to find that the amount in controversy exceeds $75,000. The Court declines this invitation. Because it is not apparent from the Complaint that these other alleged damages exceed $15,000, thereby bringing the amount in controversy above $75,000, the Court must remand. *See Univ. of S. Ala.*, 168 F.3d at 411 ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.")

Finally, GEICO asks the Court to "find that [Dillashaw] is bound by her decision to cap her damages in this action," if the Court remands. Doc. 14 at 10. Because Dillashaw argues in her Motion to Remand that the amount in controversy is $74,000 or less, inclusive of attorney's fees, Doc. 11 at 1, "she is, and should be,

11

estopped from seeking damages in this case that exceed '$74,000,'" Doc. 14 at 10–11. "Because this is a diversity case, the application of the doctrine of judicial estoppel is governed by state law." *Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc.*, 44 F.3d 925, 930 (11th Cir. 1995). "Judicial estoppel is an equitable doctrine that is used to prevent litigants from taking totally inconsistent positions in separate judicial, including quasi-judicial, proceedings." *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2011) (internal quotation marks omitted). "A claim made or position taken in a former action or judicial proceeding will, in general, estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party." *Id.* (quoting *Chase & Co. v. Little*, 156 So. 2d 609, 610 (Fla. 1934)).

GEICO has not demonstrated that the Court should apply judicial estoppel; Dillashaw has not taken a "totally inconsistent position" in a separate judicial, or quasi-judicial, proceeding. As such, GEICO's judicial-estoppel argument fails.

## IV. CONCLUSION

Based on the foregoing analysis, GEICO fails to establish the Court's subject-matter jurisdiction. Therefore, the Court must remand this action.

Accordingly, it is **ORDERED**:

1. Diane Dillashaw's Motion to Remand (Doc. 11) is **GRANTED**.

2. This action is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

3. The Clerk is directed to send a certified copy of this order to the Clerk of the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida.

4. The Clerk is further directed to terminate all pending motions and deadlines and to **CLOSE** to this case.

**DONE AND ORDERED** in Tampa, Florida on May 16, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any